UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61270-CV-LENARD/TURNOFF

**BENJAMIN MANDLI**,

    Movant,
vs.

**UNITED STATES,**

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 17) AND DENYING PETITIONER'S MOTION TO VACATE SENTENCE (D.E. 1)

This matter is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 17), issued on November 12, 2010. Movant Benjamin Mandli filed his Objections to the Report on November 24, 2010. To date, the government has not filed a response. Upon review of the Report, the Objections and the record, the Court finds as follows.

**I.    Background**

On July 26, 2007, Benjamin Mandli pled guilty to charges of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). *See U.S. v. Mandli*, Case No. 07-CR-60161-LENARD. Mandli was sentenced to seventy-eight months in prison on October 29, 2007. The Eleventh Circuit affirmed his sentence on June 23, 2008. On August 14, 2009, Mandli filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (D.E. 1), commencing this civil action.

In his Motion to Vacate Sentence, Mandli alleges that his counsel was constitutionally ineffective during Mandli's sentencing phase for failing to examine the contents of the computer containing child pornography, failing to hire a computer expert or pediatrician to do same and failure to investigate and propose therapeutic sentencing alternatives. (*See* Motion at 4.) Mandli claims that had his counsel taken these steps, he would have been able to present mitigating evidence at Mandli's sentencing, resulting in a significantly lower sentence. *Id.* (Mandli alleges that counsel's deficient performance resulted in a nine level increase).[1]

In his Report, Magistrate Judge Turnoff recommends denying Mandli's Motion to Vacate. (Report at 14-15.) The Report finds that Mandli's trial counsel's decision not to consult forensic computer experts in order to challenge the findings of the Pre-Sentence Investigation Report ("PSIR") concerning number of images and nature of images and failure to investigate and propose therapeutic sentencing alternatives for Mandli does not meet either prong of the *Strickland* test for ineffective assistance of counsel. (*See id.*)

Mandli objects to the findings and recommendations of the Report. (*See generally* Objections at 17-18.)

## II. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part analysis to evaluate claims of ineffective assistance of counsel. A petitioner

---

[1] On June 1, 2010, this Court issued an Order Affirming Denial of Petitioner's Motion to Conduct Limited Discovery (D.E. 16).

must show that (1) counsel's performance was so deficient such that it "fell below an objective standard of reasonableness," and (2) counsel's performance created such prejudice to the defense that a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (failure to make either showing by the defendant dooms a defendant's ineffective assistance claim). A review of counsel's conduct under *Strickland* is highly deferential. *Id.* at 689; *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). A court should not second guess the decisions of trial counsel which are questions of tactics or trial strategy. *See United States v. Costa*, 691 F.2d 1358 (11th Cir. 1982); *Dorsey v. Chapman*, 262 F.3d 1181, 1186 (11th Cir. 2001). Likewise, *Strickland* review is available for allegations of ineffective assistance of counsel at the plea and sentencing phases of criminal proceedings. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Breland v. United States*, 2010 U.S. Dist. LEXIS 68767, at *41 (S.D. Ala. June 29, 2010).

      **A.**    **Counsel's Failure To Consult Forensic Computer Experts**

Mandli's first argument is that his counsel's failure to retain a forensic computer expert to challenge the integrity of the evidence presented in the PSIR constituted ineffective assistance and prejudiced the outcome of his sentencing hearing. He makes this claim on the bases that the computer hard drive seized by the government did not have a hash value[2] and if inspected, the hard drive might have contained less than the

---

    [2]    The importance of the "hash value" to authentication is adequately explained in the Report at 6, n.7, and in *United States v. Norman*, 2010 U.S. Dist. LEXIS 100889, at **2-3

150-300 pornographic images attributed to Mandli in the PSIR. In addition, Mandli contends that the sadomasochistic content of these images might have been disproved upon closer scrutiny.

First, Mandli's objection conflates the Report's finding of the relevance of the absence of the hard drive's hash value. While technically correct that his guilty plea still required the government to establish disputed facts at sentencing by a preponderance of the evidence, Mandli did not dispute any of the facts in the PSIR.[3] *See United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). In the alternative, the Court finds that in the absence of the hash value, sufficient indicia exist to establish that Mandli owned the hard drive and possessed the pornographic files found therein. The only relevant inquiry, therefore, is whether, in light of all circumstances, Mandli's counsel was constitutionally deficient in not objecting to the quantity and classification of images in the PSIR and whether Mandli was prejudiced by this failure.

As the Report highlights, nine of the images and two video files contained on Mandli's computer were matched to known, prepubescent victims by the National Center for Missing and Exploited Children. (Report at 7.) Mandli himself stated to law enforcement that he might have one or two videos of child pornography on his computer, that he had recently deleted several videos and most of his picture collection, and that when looking for content on Lime Wire, he used the search terms "preteen girls" and

---

(M.D. Ala. July 6, 2010).

[3]   (See Sentencing Transcript 5:17-19, October 29, 2007, D.E. 2.)

"young girls." (*Id.*)

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691. Here, Mandli's representations to investigating agents as well as throughout his criminal proceedings have given rise to the potential that, at one point in the not-so-distant past, his computer might have contained additional videos and/or pictures depicting child pornography. It is possible that an intensive examination of the computer and re-creation of deleted files would have revealed more images of child pornography.

Furthermore, the affidavit of Mandli's expert Tami Loehrs (D.E. 14-2), following examination of Mandli's computer, makes unsupported, vague and conclusory statements regarding the content of the videos and pictures.[4] Loehrs' affidavit does nothing to cast doubt on the classification of the two videos on Mandli's computer as having "sadistic, masochistic or violent content." *See, e.g., United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999) (it is "within the court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic within the means of [the Sentencing Guidelines]") (citation omitted).

Because of Mandli's admissions and actions, the Court finds his counsel's lack of objection to and investigation of the number and classification of files on Mandli's computer to be consistent with a tactical or strategic choice and not unreasonable. *See*

---

[4] This finding was made in the Court's June 1, 2010 Order at 5.

*Strickland*, 466 U.S. at 691 ("When a defendant has given counsel reason to believe that pursuing certain investigations would be harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Thus, Mandli's claim of ineffective assistance of counsel fails the first *Strickland* prong.

Nor has Mandli shown prejudice due to his counsel's failure to object and investigate the number and classification of files on his computer. As already discussed, investigation might have revealed a greater number of files than the range of 150-300 for which Mandli was sentenced. Additionally, Loehrs' unsupported and conclusory statements do not raise the specter of doubt as to the content and classification of the images and videos. Therefore, Mandli has failed to show that, but for these errors of counsel, there is a reasonable probability that the balance of aggravating and mitigating circumstances would have been altered. *See Chandler v. United States*, 218 F.3d 1305, 1328 (11th Cir. 2000) (Cox, J., specially concurring).

    **B.**    **Counsel's Failure to Investigate and Present the Court With Therapeutic Sentencing Alternatives**

Mandli also argues that trial counsel was ineffective for failing to investigate and present to the Court at sentencing alternatives based on (1) Mandli's diagnosis of Asperger's syndrome, (2) Mandli's abuse at the hands of his stepfather, (3) his having to identify his father's body after suicide, (4) Mandli's hospitalization for substance abuse and (5) his lack of threat for recidivism. The Court concurs with the Report's conclusion on this issue: the record belies any claim that Mandli's counsel performed ineffectively in

bringing to light Mandli's impairment, traumatic psychological history and treatment.

Mandli's counsel submitted to this Court an Alternative Sentencing Proposal, a 66-page document consisting of an alternative sentencing proposal, psychiatric and psychological reports, evaluations, letters of reference and other exhibits. *See Mandli*, 07-CR-60161-LENARD, D.E. 26. At Mandli's sentencing hearing, Mandli's counsel again brought the Proposal to the Court's attention. (*See* Sentencing Tr. at 7-8.) Mandli's counsel also presented the testimony of psychotherapist Carol Franco and Dr. Evan Zimmer, who specializes in psychiatry, neurology and addiction and psychopharmacology. (*See id.* at 14-29; 40-58.) Testimony was heard as to Mandli's mental state, current treatment and threat of recidivism. In addition, counsel presented the report of Dr. Michelle Reitman. At the conclusion of testimony at Mandli's sentencing, his counsel requested a probationary sentence. (*Id.* at 63:4-5 ("I have no hesitation asking Your Honor to impose a probationary sentence, recognizing that would be extraordinary.")

Mandli takes issue with his counsel's representation at sentencing. He (mainly) faults his counsel for not calling Dr. Reitman to testify and for not providing the Court with sentencing alternatives. (Objections at 15-16.) Mandli cites his counsel's equivocating language on summation in support of the latter contention. (*See id.* at 16 (citing Sentencing Tr. at 62:3-6).)[5]

---

[5] "I am hesitant to ask Your Honor to place Ben on probation. I know how serious this offense is. I know how inappropriate, illegal, distasteful, morally reprehensible the

The Court will not second guess counsel's decision to call some witnesses and not others – such a choice is the epitome of a strategic decision. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995). Mandli's counsel noted the volume of materials submitted to the Court and attempted to shorten his presentation to achieve maximum effect. (*See* Sentencing Tr. 8:1-5; 8:8-12.) Furthermore, the Court was familiar with the report of Dr. Reitman at time of sentencing and, upon review in these proceedings, finds it somewhat cumulative. *See Van Poyck v. Fla. Dept. Of Corr.*, 290 F.3d 1318, 1324 n.7 (11th Cir. 2002) (ineffective assistance of counsel cannot be established by a petitioner identifying additional evidence to be presented if that evidence would have been cumulative). Analysis of the first *Strickland* prong is not meant to judge in hindsight counsel's presentation skills. *See Waters*, 46 F.3d at 1511-12; *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (the Eleventh Circuit noted that it was "not interested in grading lawyers' performances").

The Court also finds that counsel's summation at Mandli's sentencing hearing was a tactical choice. Counsel's equivocating language, first hesitating to ask for probation and later making this request, does not evidence ineffective assistance of counsel. Rather, counsel made a cautious and respectful attempt to ask for the best possible sentence for his client while acknowledging the seriousness of Mandli's offense.[6]

---

downloading of this material is." (Sentencing Tr. 62:3-6 (emphasis added).)

[6] A more emphatic plea for probation might have been seen as distasteful to the Court, government and victims of Mandli's offense, thereby backfiring. In such a delicate situation, counsel's freedom to tailor his presentation to his audience is the height of tactical

Ultimately, the Court heard the testimony of Franco, Dr. Zimmer and read the Alternative Sentencing Proposal and all materials submitted prior to Mandli's sentencing. That the Court declined to credit the testimony of Mandli's witnesses and impose an alternative sentence does not render the performance of Mandli's counsel objectively unreasonable.

As to the prejudice prong of *Strickland*, Mandli makes the conclusory and unsupported argument that had the Court been presented with alternative sentencing options, it would have imposed a lesser term of imprisonment. As discussed above, the Court was presented with alternative sentencing options. Consequently, Mandli fails to convince this Court that he was prejudiced at all by his counsel's performance in this regard. *See Bolender v. Singletary*, 16 F.3d 1547, 1556-57 (11th Cir. 1994).

### C. Mandli's Alternative Request For Evidentiary Hearing

In the conclusion of his Objections, Mandli makes the alternative request for an evidentiary hearing to more fully develop his claims. (Objections at 18.)

As Mandli has not made this request in his Petition or Reply, the Court finds it improperly raised at this time. In the alternative, the Court finds that an evidentiary hearing in this case is not required because the Petition and record conclusively show that Mandli is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Perez v. United States*, 2011 U.S. App. LEXIS 14848, at *10 (11th Cir. July 20, 2011).

---

decision-making.

### III.  Conclusion

Consistent with the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendations (D.E. 17), issued on November 12, 2010, is **ADOPTED,** Petitioner Benjamin Mandli's Motion to Vacate Sentence (D.E. 1), filed on August 14, 2009, is **DENIED** and this Case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2011.

                                          **JOAN A. LENARD**
                                    **UNITED STATES DISTRICT JUDGE**